## Proctor, et al. v. Mrs. N. D. Allen and Son.

### (Decided May 25, 1925.)

### Appeal from Webster Circuit Court.

1   Good Will—Damages for Impairment of Good Will are Allowable, though Difficult of Ascertainment.—In action by purchaser of business and its good will for damages by reason of seller's competition in violation of contract. while amount of damages is difficult to prove with certainty, such uncertainty will not work denial of justice to party wronged, but damages will be ascertained from all facts and circumstances disclosed as best they may.

2.   Good Will—Measure of Damages for Breach of Contract Not to Compete with Purchaser of Business and Good Will is Injury Sustained by Buyer.—Measure of damages for breach of contract not to compete with purchaser of business and good will is injury sustained by buyer; loss of profits and diminution in value of property purchased resulting naturally and proximately from breach.

3.   Good Will—Proof of Value of Property with Good Will Impaired ·by Seller's Competition, is Admissible.—In action for breach of contract for sale of business and its good will by engaging in competing business, proof is competent to show difference between present worth of property with good will impaired and amount of purchase price.

4.   Good Will—Impaired Value and Loss of Volume of Business May be Considered in Measuring Damage for Breach of Seller's Contract Not to Engage in Competing Business.—In Measuring damage to purchaser of business and its good will for seller's breach in opening competing business, jury may consider difference between what purchaser's trade was worth if seller had not competed. and may also consider volume of business done by purchaser before and after seller's re-entry in prohibited competition

5.   Good Will—Damage for Breach of Agreement Not to Re-enter Competing Business Need be Proved Only with Reasonable Cer-

tainty.—Damage for breach of seller's agrement not to enter com-
peting business need not be proved with mathematical exactness
or specific certainty, but may be proved by facts and circumstances
of sufficient certainty to enable jury to reasonably estimate dam-
ages sustained.

6. Good Will—Evidence Held to Show Seller of Business Violated
Agreement Not to Engage in Competing Business by Becoming In-
terested in Similar Business Conducted in Wife's Name.—Evidence
held sufficient to sustain conclusion that husband was interested
in business established by wife in competition with business which
husband had sold and with which he had agreed not to compete.

7. Good Will—$1,000.00 Held Proper Award of Damage for Breach of
Seller's Agreement Not to Compete in Business.—In action for
damage for breach of seller's agreement not to compete, where
good will was shown to have been worth $2,500; and business had
fallen off 50 per cent., $1,000 compensatory damages held fair
under evidence.

8. Injunction.—Enjoining seller from continuing to operate compet-
ing business in violation of agreement held proper under evidence.

RAYBURN & WITHERS for appellants.

VERT C. FRAZEE and M. L. BLACKWELL for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirm-
ing.

On September 14, 1923, appellant, Proctor, who was
then operating a cleaning and pressing establishment in
Providence, sold and by written contract conveyed this
business, including good will, to appellee, N. D. Allen,
and her son, R. E. Allen, for the price of $5,000.00 cash in
hand paid. The contract, which was made a part of the
petition, in part reads:

"It is further agreed by the parties and for the
above consideration said first party conveys to the
second party the business that he has builded up
and agrees not to enter into the cleaning or pressing
business in the town of Providence for a period of
five years from this date, either directly or indi-
rectly, provided, however, if said second party sells
or conveys this property or in any way ceases to be
the owner thereof then this provision to be null and
void and first party to have the privilege of entering
into the business if he so desires."

Appellees, Mrs. Allen and son, sought by this action
to recover damages for breach of contract, alleged to

consist in appellant, Proctor, in conjunction with his wife, entering into the business of cleaning and pressing in the town of Providence some time before June 25, 1924, the date of the filing of this petition in violation of the terms of the writing. After the cause was submitted the chancellor granted an injunction restraining appellant, Proctor, and his wife, from operating the newly established cleaning and pressing business in violation of the contract, and awarded appellee $1,000.00 in damages against appellant, J. C. Proctor. From that judgment this appeal is prosecuted.

The chancellor made a finding that the defendants (the Proctors) entered into a collusive agreement for the purpose of fraudulently evading the terms of the contract of sale mentioned in the petition and the evidence; that pursuant to said agreement and collusion between the defendants, J. C. Proctor and Alice F. Proctor, his wife, they, the defendants, "have been and now are operating a cleaning and pressing establishment in the town of Providence, Webster county, Kentucky, in violation of the contract and in violation of the rights of the plaintiffs;" that such operation of such cleaning and pressing establishment has been and is much to the damage of the plaintiffs. This finding of fact appears to have been fully justified by the evidence.

The answer traversed the material averments of the petition and affirmatively pleaded that appellant, Alice F. Proctor, "was an experienced person in the operation of dry cleaning and pressing plants, and that she voluntarily and freely, without solicitation, request from or agreement with her husband, entered into the dry cleaning and pressing business in Providence in her own name for her own benefit," and that she alone is to receive profits, if any arise, from the operation of the plant; that the other defendant did not enter into any agreement or arrangement with her in violation of his contract with the appellees; but it is pleaded by appellants that the husband did loan the wife some money to engage in the dry cleaning and pressing business in that city and did rent her a house at $35.00 per month in which to operate the business, as it was alleged, with no intention of defrauding appellees or interfering with or of violating the terms of the contract of appellees. Pleading further Mrs. Proctor averred that her husband had no

connection with the business which she was operating and that ''he had not assisted in any way in the management or control of said business, and that if he has, it has been wholly without her authority, request or consent.''

The only question of fact presented was whether the appellant, J. C. Proctor, was interested in and, therefore, engaged, either directly or indirectly, in the operation of the dry cleaning and pressing business operated in the name of his wife, Alice F. Proctor, and whether appellant, Alice F. Proctor, knew of the contract between her husband and appellees, and with that knowledge engaged in the business with her husband. The law fixing the rights of parties under facts, such as are averred in the petition, is well stated in the case of Scotton v. Wright, 121 Atl. 180, where it was, in substance, held that in an action by the purchaser of a business and its good will, for damages by reason of the seller's engaging in a competing business in violation of his contract, it was said that while the amount of damages for impairment of good will is difficult to prove with certainty, such uncertainty will not work a denial of justice to the party wronged, but the damages will be ascertained from all the facts and circumstances disclosed by the evidence, as best they may. The measure of damages in such case is the injury which the buyer has sustained, and it may include the loss of profits and diminution in value of the property purchased, which are the result naturally and proximately caused by the breach; and proof is competent to show the difference between the present worth of the property with the good will impaired and the amount of the purchase price. In measuring the damages in such a case the jury may consider the difference between what the purchaser's trade or business had been worth if the seller had not engaged in competition; and for that purpose may consider the volume of business done by the purchaser before and after the seller's re-entry into such prohibited competition. In such a case the damage is not required to be proved with mathematical exactness or specific certainty; but may be proved by facts and circumstances of sufficient certainty to enable the jury to reasonably estimate the damages sustained. 28 C. J. 745.

The evidence in the instant case clearly shows that the husband was a man of some means and that he had

been engaged for a number of years before he sold out to appellees in the business of dry cleaning and pressing in Providence; that he loaned his wife, the other appellant, money with which to start and operate a dry cleaning and pressing business in Providence; that he also rented her a building which he had constructed for the purpose, and it further appears from the evidence that he was in and about the place of business, assisting in its operation much of the time. A Mr. Allen, who was called as a witness, testified that he had been engaged in the dry cleaning and pressing business as an employe of appellees, though he had formerly worked for appellants in the same kind of work but that he later quit appellees and went into the employment of appellants upon the establishment of the new business. Asked why he quit the Allens and went into the employ of the Proctors he said: "I quit for two reasons; one reason I got more money; that was the main reason; and another reason is I had rather work for Mr. Proctor than to work for them."

Another witness, Field, stated that appellant, J. C. Proctor, told him in Madisonville that he was going to run the cleaning and pressing plant of his wife at Providence. Several other witnesses gave evidence of like effect. All this was denied by both appellants, but the circumstances are strongly against them. It seems incredible that the wife of appellant, J. C. Proctor, should go into the dry cleaning and pressing business in Providence on her own account without assistance and co-operation from her husband, although the husband was loaning the capital with which to install and operate the business and was furnishing the building in which it was operated, if he were to have no part in the profits of the business; and, it is yet harder to believe that under such circumstances the husband who stayed about the place of business and assisted in its operation was not to have some interest or share in the profits. Certainly a statement of the facts is calculated to induce in the mind of a reasonable person the belief that appellants, husband and wife, were acting together with the collusive purpose of evading the contract of appellant, J. C. Proctor, made with appellees, Allens. All of the evidence taken together was sufficient to justify the chancellor in concluding, as was done, that the husband and wife were jointly interested in the new dry cleaning and pressing business

established in the name of the wife and that the arrangement was in fraud of the rights of appellees and to their great damage. Having reached this conclusion it was but proper for the chancellor to find and award damages, nominal damages only if no specific injury was proven to have been suffered by appellees, compensatory damages if such evidence was introduced and considered by the court.

Appellees introduced evidence to the effect that the value of the tangible property obtained under the contract with appellant, J. C. Proctor, was only about $2,-500.00 and that the good will of the business was worth about a like sum. There was also evidence tending clearly to prove that the business of appellees had fallen off about fifty per cent (50%) after the establishment of the new business by the Proctors. Appellees were, therefore, entitled to compensatory damages, and the court awarded them $1,000.00, which seems but fair in view of all of the facts. Certainly the chancellor should have granted injunctive relief against J. C. Proctor. He had specifically covenanted not to engage in the dry cleaning and pressing business in the city of Providence for a period of five years from the making of the contract in September, 1923. Inasmuch as the court found from the evidence that appellants were collusively and in fraud of the contract jointly operating the new dry cleaning and pressing business, it was within the province and duty of the chancellor in the application of equitable principles to restrain the operation of the business so established and so conducted by the joint defendants, and there was no error in the court's order restraining appellant, J. C. Proctor, from "carrying on the business of dry cleaning and pressing in the town of Providence, either directly or indirectly, by subterfuge or otherwise, in competition with the plaintiffs from this date until the 14th of September, 1928; that the defendant, Alice F. Proctor, be and she is hereby enjoined from continuing the operation of the dry cleaning and pressing business now being operated and conducted in her name in said town." Of course, this decree was not intended to prevent Mrs. Proctor from operating such a plant independently of her husband, but was based upon the finding of fact that the plant she was then operating was established in fraud of the contract and was being jointly operated by Mrs. Proctor and her husband in violation

of the contract. The order of the chancellor copied above was but the natural result.

Finding no error to the prejudice of appellants' rights, the judgment is affirmed.

Judgment affirmed.